# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---------------------------------------------------------------- x

Shenzhen Goldely Garments Import and Export Inc., Et Al., Plaintiff

V.

Point Collection LLC, Et Al., Defendant

--------------------------------------------------------------- x

Case: 25-3312

**Concise Summary of the Case**

**Facts**

- **Parties:** The appeal arises from a dispute between Shenzhen Goldely Garments Import and Export Inc. ("Respondent") and The Point Collection LLC and The Gallery Collection LLC ("Appellants" or "Gallery and Point").

- **Background:** From November 2023 to January 2024, Gallery and Point placed five purchase orders with Petitioner but it was alleged that they failed to pay for the goods delivered. On May 4, 2024, at the Canton Fair in China, the parties allegedly entered into a written settlement agreement to resolve the payment dispute. The agreement provided for expedited arbitration before the Shenzhen Court of International Arbitration (SCIA) if either party sought enforcement. When Gallery and Point did not pay the sum, Petitioner initiated arbitration before the SCIA. On March 31, 2025, the arbitrator issued a final award in favor of Petitioner.

- Gallery and Point disputed the authority of the individual who had signed the agreement with Respondent, and raised defenses of duress, as a foreign national was forced into a room with Chinese security officials and compelled to enter into a settlement agreement or be forced to exit the Canton Fair, which was an important business opportunity. At the time, the employee was not authorized to enter into binding legal settlements, and was unable to communicate with his superiors in New Jersey.

- **District Court Proceedings:** Respondent moved to confirm the arbitration award in the U.S. District Court for the District of New Jersey. Gallery and Point opposed, arguing that their employee was coerced into signing the settlement agreement and that it was unenforceable under Chinese law. On October 29, 2025, Judge Shipp entered an order confirming the award. No judgement has currently been issued.

- **Issues for appeal:** The District Court had jurisdiction under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 203.  The question for appeal is whether the Respondent met its burden of proof to confirm the award or whether Gallery and Point proved the defenses permitted under Article V of the convention.  Also to be raised is whether the District Court should have ordered a hearing or discovery on the claimed defenses.

    /s/ Avram E. Frisch  
Avram E. Frisch